


**FILED**

SEP 1 8 2023

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEVIN DAREL FLETCHER,<br><br>Defendant. | Case No. 23 CR 302 JFH<br><br>**INFORMATION**<br>[18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud;<br>Forfeiture Allegation: 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Fraud Forfeiture] |

**THE UNITED STATES ATTORNEY CHARGES:**

**Introduction**

1. **DEVIN DAREL FLETCHER** was hired in August 2016 by Tulsa Public Schools to be the District's Chief Academic Officer and was thereafter promoted as the District's Chief Learning and Talent Officer, a position he held until he resigned in June 2022. In those positions, **FLETCHER** was responsible for, among other things, human resources and educational performance issues throughout Tulsa Public Schools ("TPS" or the "District") and entrusted with limited hiring and firing authority for certain personnel, including consultants, for which he also had limited expenditure approval authority.

2. TPS is an independent school district located in Tulsa, Oklahoma, that conducts business activities and maintains bank accounts within the Northern District of Oklahoma.

3. The Foundation for Tulsa Schools ("the Foundation") is a public charity recognized by the Internal Revenue Service as a 501(c)(3) organization with a mission to build a better community through the support of TPS by providing education resources via donated funds. The Foundation maintains office space and conducts business activities in Tulsa, Oklahoma, and maintains a bank account within the Northern District of Oklahoma.

4. In his positions at TPS, **FLETCHER** created, altered, and fabricated fraudulent invoices, purchase orders, and supporting documents that caused a loss of at least $603,992.32 to TPS and the Foundation. Of this amount, at least $448,125 was a direct result of the conspiracy conduct discussed below, with an additional loss of at least $137,267.32 comprising funds **FLETCHER** caused to be paid to himself, and an additional loss of at least $18,600 comprising funds **FLETCHER** caused to be paid to two other vendors in inflated invoice amounts.

## The Conspiracy and Its Object

5. From at least August 8, 2018, to at least March 31, 2022, in the Northern District of Oklahoma and elsewhere, the defendant, **DEVIN DAREL FLETCHER**, and at least one other person known to the United States Attorney and designated herein as Conspirator A (collectively referred to as "the Conspirators"), knowingly conspired to commit Wire Fraud, in violation of Title 18, United States Code, Section 1343, in the following manner ("the Conspiracy"):

## The Purpose of the Conspiracy

6. The purpose of the Conspiracy was to unlawfully enrich the Conspirators through a scheme and artifice to defraud and to wrongfully obtain money and property from TPS and the Foundation by means of false and fraudulent pretenses, representations, and promises, specifically, by fraudulently creating and submitting false, altered, and fabricated invoices and by causing the transmission of wire communications in interstate commerce in furtherance of the scheme, all in the manner described below.

## The Manner and Means of the Conspiracy

7. The Conspirators achieved the Purpose of the Conspiracy by using the following manner and means, among others:

8. It was part of the Conspiracy that the Conspirators created and submitted false, altered, and fabricated invoices, purchase orders, and supporting documentation for purported work performed on behalf of the District when, in truth and fact, no such work was ever performed.

9. It was further part of the Conspiracy that the Conspirators created documentation stating that Conspirator A would provide consulting services to the District and the Foundation, including various "project management and talent management related services" via an entity called "Talented 10th," when, in truth and fact, no such services were ever performed.

10. It was further part of the Conspiracy that the Conspirators collaborated on creating various email communications submitted to TPS accounting personnel to

3

establish Conspirator A as a vendor to be paid on the false, altered, and fabricated invoices and purchasing orders.

11. It was further part of the Conspiracy that the Conspirators submitted numerous false and fabricated invoices for purported services, often billing for services labeled as "Educator Development, Coaching, and Instructional Support," when, in truth and fact, no such services were ever performed.

12. It was further part of the Conspiracy that **FLETCHER** submitted the fraudulent documents to various TPS and Foundation personnel, representing the materials as legitimate, and directing that each false invoice and purchase order be paid.

13. It was further part of the Conspiracy that the Conspirators billed, received payments for, and caused TPS and the Foundation a loss of at least $448,125.

14. It was further part of the Conspiracy that the Conspirators caused to be transmitted by means of wire communication in interstate commerce signals, sounds, and writings that crossed state lines, including email communications between TPS office space in Tulsa, Oklahoma, and Conspirator A's residence in Arlington, Texas, and payments made from TPS and the Foundation bank accounts in Tulsa, Oklahoma, to Conspirator A's bank accounts in Texas.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATION
### [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

The allegations contained in this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

Upon conviction of the offense alleged in this Information, as a part of his sentence, the defendant, **DEVIN DAREL FLETCHER**, shall forfeit to the United States any property constituting, or derived from, or traceable to, the proceeds obtained, directly or indirectly, as a result of such violation. The property to be forfeited includes, but is not limited to:

### MONEY JUDGMENT

1. A money judgment in an amount of at least $603,992.32, representing proceeds obtained by **DEVIN DAREL FLETCHER** as a result of the offense;

### CURRENCY

2. Approximately $111,323.18 in United States currency; and

3. Approximately $104,782.77 in United States currency.

Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b)(1) and 1028(g), and Title 28, United States Code, Section 2461(c), the defendant shall forfeit substitute property, up to the value of the property described above if, by any act or omission of the defendant, the property described above, or any portion thereof, cannot be located upon the exercise

of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

                        CLINTON J. JOHNSON
                        United States Attorney

                        /s/ David D. Whipple
                        DAVID D. WHIPPLE
                        Assistant United States Attorney